IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01579-BNB

NORBERTO PEREZ AROCHO,

    Plaintiff,

v.

UNITED STATES OF AMERICA, and
HARLEY G. LAPPIN, Former Federal Bureau of Prison Director,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Norberto Perez Arocho, is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Medical Center for Federal Prisoners in Springfield, Missouri.  Mr. Arocho has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that his rights under the United States Constitution were violated when he was incarcerated at a federal prison in Colorado.  He seeks damages as relief.

    Mr. Arocho has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action.  Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the action if the claims asserted in the Prisoner Complaint are frivolous or malicious.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  For the reasons stated below, the Court will dismiss the action as legally frivolous and malicious.

Mr. Arocho is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *See Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe the Prisoner Complaint liberally because Mr. Arocho is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Arocho alleges that he was diagnosed with Hepatitis C in 2002. He further alleges that on January 11, 2008, while he was housed in a federal prison in Colorado, Defendant Harley G. Lappin, the former national director of the BOP, refused to approve medication and treatment for Mr. Arocho's Hepatitis C that had been ordered by his doctor. According to Mr. Arocho, the denial of the medication and treatment by Defendant Lappin caused liver damage and has shortened his life expectancy.

Mr. Arocho specifically asserts two numbered claims for relief in the Prisoner Complaint. The claims are repetitive and raise the same issue regarding the alleged denial of medical treatment. Although Mr. Arocho does not identify his claims in the

Prisoner Complaint as constitutional claims, he does allege that Defendant Lappin acted with deliberate indifference. Furthermore, Mr. Arocho attaches to the Prisoner Complaint a "Declaration in Support of Civil Right Complaint" (*see* ECF No. 1 at 9-11) in which he specifically references the Eighth Amendment to the United States Constitution. The Court construes the Prisoner Complaint liberally as raising one claim of cruel and unusual punishment under the Eighth Amendment against Defendant Lappin. Although Mr. Arocho also lists the United States as a Defendant in the caption of the Prisoner Complaint, Mr. Arocho does not assert any specific claim for relief against the United States.

Mr. Arocho previously filed an action in the District of Colorado asserting the same Eighth Amendment claim against Defendant Lappin. *See Arocho v. Lappin*, No. 07-cv-02603-REB-KLM (D. Colo. June 13, 2011), *aff'd*, 461 F. App'x 714 (10th Cir. 2012). The Honorable Robert E. Blackburn dismissed Mr. Arocho's Eighth Amendment claim against Defendant Lappin for lack of personal jurisdiction. On appeal, the United States Court of Appeals for the Tenth Circuit affirmed the dismissal of Mr. Arocho's claim against Defendant Lappin for lack of personal jurisdiction but remanded solely for the district court to modify the judgment to be without prejudice. On April 6, 2012, an Amended Final Judgment was entered indicating that Mr. Arocho's claim against Defendant Lappin was dismissed without prejudice. Undaunted, Mr. Arocho commenced this action on June 18, 2012, asserting the same Eighth Amendment claim against Defendant Lappin.

"Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *McWilliams v. State of Colo.*, 121 F.3d 573,

574 (10th Cir. 1997) (quotation marks and alteration omitted). To determine whether a pleading repeats pending or previously litigated claims, the Court may consult its own records. *See Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972). The Court has consulted its records and finds that the claim Mr. Arocho is asserting against Defendant Lappin in the instant action is repetitive of the claim he asserted against Defendant Lappin in 07-cv-02603-REB-KLM. Mr. Arocho's previous claim against Defendant Lappin in 07-cv-02603-REB-KLM was dismissed without prejudice to being refiled in a jurisdiction where Defendant Lappin is subject to personal jurisdiction. *See Arocho v. Nafziger*, 367 F. App'x 942, 951 n.10 (10th Cir. 2010) (*citing Hollander v. Sandoz Pharm. Corp.*, 289 F.3d 1193, 1216 (10th Cir. 2002) for the proposition that, "when a court lacks jurisdiction over a party, the proper disposition is dismissal without prejudice to permit refiling where personal jurisdiction may be exercised"). However, rather than proceeding in a jurisdiction where Defendant Lappin is subject to personal jurisdiction, Mr. Arocho simply refiled the same claim in this Court. Because Judge Blackburn already has determined that Mr. Arocho may not pursue his Eighth Amendment claim against Defendant Lappin in the District of Colorado, Mr. Arocho's repetitive claim against Defendant Lappin in this action will be dismissed as legally frivolous and malicious.

As noted above, Mr. Arocho does not assert any specific claim for relief against the United States in the Prisoner Complaint. However, to the extent Mr. Arocho may intend to assert a claim against the United States, that claim also will be dismissed. Construing the Prisoner Complaint liberally, it is possible that Mr. Arocho may intend to assert a tort claim against the United States because he attaches to the Prisoner

Complaint a copy of an administrative tort claim he filed in May 2012 (*see* ECF No. 1 at 13) along with a copy of the BOP's rejection of that administrative tort claim (*see* ECF No. 1 at 12). Mr. Arocho alleged in the administrative tort claim that his liver was damaged because of negligence in September 2007. The BOP rejected Mr. Arocho's administrative tort claim as time-barred pursuant to 28 U.S.C. § 2401(b), which provides in relevant part that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." Assuming Mr. Arocho intends to assert the same tort claim against the United States in this action, the Court finds that the claim must be dismissed as legally frivolous because it is clear that the claim is time-barred.

To the extent Mr. Arocho may intend to assert his Eighth Amendment claim against the United States, the claim is barred by sovereign immunity. The United States, as sovereign, is immune from suit unless it expressly consents to be sued. *See United States v. Testan*, 424 U.S. 392, 399 (1976); *Ascot Dinner Theatre, Ltd. v. Small Business Admin.*, 887 F.2d 1024, 1027 (10th Cir. 1989). The United States has not waived sovereign immunity for itself or its agencies under *Bivens* for constitutional tort claims. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Chapoose v. Hodel*, 831 F.2d 931, 935 (10th Cir. 1987).

For these reasons, the Prisoner Complaint will be dismissed. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion

to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Finally, Mr. Arocho has filed on January 4, 2013, a document titled "Emergencie [sic] Injunction" (ECF No. 25) in which he seeks an injunction against prison officials at the federal prison in Missouri in which he currently is incarcerated who allegedly have destroyed personal property belonging to Mr. Arocho. The request for an emergency injunction will be denied because the request is unrelated to the claim Mr. Arocho asserts in this action and the Court lacks jurisdiction over the Missouri prison officials. Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as legally frivolous and malicious. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit. It is

FURTHER ORDERED that Plaintiff's request for injunctive relief (ECF No. 25) is DENIED without prejudice.

DATED at Denver, Colorado, this 17th day of    January   , 2013.

BY THE COURT:


   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court